WAVERLY PARK AMUSEMENT CO. *v.* MICHIGAN UNITED
TRACTION CO.

1. LANDLORD AND TENANT—TRADE FIXTURES—REMOVAL—DAMAGES
—INSTRUCTIONS.

In an action by a tenant to recover damages for the re-
moval of personal property from the premises, where such
act was in violation of an injunction and an examination
of the property was made by plaintiff's agents after its
removal, and they made an inventory of the property and
removed some of it, it was erroneous to refuse an instruc-
tion for defendant that if any of the officers, agents, or
servants of plaintiff exercised any authority over the
property after its removal, then defendant, its officers,
agents or servants would have been in contempt of court.

2. SAME—TRADE FIXTURES—REMOVAL—MITIGATION OF DAMAGES.

Where an injunction is obtained by a tenant against the
removal of amusement devices from the premises by the
landlord the latter may show in mitigation of damages,
in an action for damages for such removal, that plaintiff
exercised control and dominion over the removed property.

3. SAME.

All items removed from the premises, title to which was
not shown to have been in plaintiff, the tenant, could not
be considered in the computation of damages.

4. SAME—REDUCTION OF PROFITS—DAMAGES.

The reduction of profits upon a roller coaster and skating
rink due to the destruction of surrounding devices was
proper to be considered as an element of damages.

Error to Ingham; Collingwood, J. Submitted Jan-
uary 5, 1917. (Docket No. 38.) Decided July 26,
1917.

Case by the Waverly Park Amusement Company
against the Michigan United Traction Company and
another for the removal of certain trade fixtures.
Judgment for plaintiff. Defendant brings error. Re-
versed.

*Sanford W. Ladd (Charles E. Lewis and Warren, Cady, Ladd & Hill, of counsel), for appellant.*

*W. K. Sagendorph (Cummins, Nichols & Rhoads, of counsel), for appellee.*

KUHN, C. J. This was an action brought by the plaintiff, Waverly Park Amusement Company, to recover damages for certain property that was removed from the premises known as Waverly Park near the city of Lansing, on Sunday, May 17, 1914, by the defendant, the Michigan United Traction Company. The plaintiff claimed the right to have the property, consisting of buildings and their contents, remain on the premises in question under the terms of a certain lease between the Michigan United Railway Company and the Waverly Park Amusement Company. The defendant claims that the buildings in question, which were erected on the park premises by various tenants under annual seasonal leases, and which were not re-removed by the respective tenants at the termination of these leases, passed to the owner of the soil as trade fixtures; that the plaintiff company has never obtained any right in or title to these buildings; that the plaintiff company's lease, obtained in 1907 and covering the seasons of 1908 to 1916, does not give the plaintiff any right to occupy these buildings in the park, and that the defendant was within its rights in ridding the park property of the buildings and their contents after due notice to H. P. French, who occupied the buildings during the previous season of 1913, and whose right under his last contract to remove his property from the park had expired.

The plaintiff company brought a suit against the defendant in the circuit court in chancery, and obtained a preliminary injunction, which was subsequently made permanent, prohibiting the defendant from removing or interfering in any way with the

property or rights of the plaintiff. An appeal was taken to this court, and a decision thereon is herewith handed down, *ante*, 92, the opinion being written by Mr. Justice STONE, in which the opinion of the learned chancellor who heard the case is adopted. By this opinion the rights of the parties to the property in question under the various leases is determined, and a further discussion of the principal questions involved in this suit is therefore made unnecessary.

It being determined that the claims of the defendant as to their rights to remove the property were unwarranted, the only question which need be considered is whether this case was properly submitted to the jury on the question of damages, the jury having determined that the plaintiff was entitled to recover $9,750.

It appears that the Waverly Park Amusement Company's lease covered that part of 71 acres which was within an inclosure fence used for amusement purposes. That on Sunday, May 17, 1914, the defendant by its agents went into the fenced inclosure, seized a lot of property, and carried it away onto land over which it alone had control, and within a few rods of the inclosure. Counsel for defendant requested the court to charge the jury as follows:

"If, under the evidence in this case, you find that any of the officers, agents, or servants of the plaintiff herein removed or exercised any authority over the property which was removed, or any of it, following the removal, then I instruct you that the defendant Michigan United Traction Company, its officers, agents or servants, would have been in contempt of court for in any way interfering with said property subsequent to May 29, 1914."

The temporary restraining order, subsequently made permanent, contained the following:

"It is further ordered that defendant be and is hereby restrained from destroying and removing or in any

way interfering with the property rights of the complainant, the Waverly Park Amusement Company, or shutting off or interfering with its supply of electricity or with its rights under the contract set forth in the bill herein."

The trial judge charged the jury:

"I would say to you, gentlemen, that the plaintiff is not bound to gather up the fragments of his scattered and broken chattels, but was at liberty to leave them where defendant placed them, looking to them for their value."

Now it appears that in this case Mr. French, acting for the plaintiff, on the day following the removal admittedly went "through the buildings and stuff," where it was placed in what he termed "the dump," and made an inventory, and actually took some of the property away. In our opinion prejudicial error was committed in refusing to give to the jury defendant's request to charge above set forth.

The instruction of the trial court that the plaintiff is not bound to follow its property wrongfully taken from it is a correct statement of the law as a general proposition. See note to *Shannon* v. *McNabb*, 39 L. R. A. (N. S.) 244 (29 Okla. 829 [120 Pa. 268]). Here, however, the plaintiff obtained an injunction restraining the defendant from interfering with plaintiff's property. As there was evidence to show that the plaintiff, by its agent, did actually exercise control and dominion over the property which had been removed, we are of the opinion that if the jury so found, it follows that the injunction covered such property. If it did, the defendant should have been allowed to show that situation in mitigation of damages.

Fault is also found with the failure of the court to give defendant's requests to charge covering items of personal property to which it is claimed the plaintiff had no title, and which were never owned by

the plaintiff, and which were set forth in plaintiff's bill of particulars. In view of the fact that the case is to be sent back for a new trial it will be sufficient to say that all items of personal property removed from the inclosure, the title to which was not shown to have been in the plaintiff, should be removed from the consideration of the jury.

We do not think it was error to allow the jury to consider as an element of damages the reduction of profits upon the roller coaster and the skating rink due to the destruction of the surrounding devices. It is contended by plaintiff's counsel that the business of the roller coaster depended largely upon the attractiveness of the park as a whole as an amusement center. If it can be shown that by the destruction of some of the attractions the park as a whole became less attractive and this caused a reduction of the profits of the amusements then running, such loss, in our opinion, would be a proper element of damages for the jury to consider.

The judgment will be reversed, and a new trial granted, with costs to the appellant.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.